# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv104

| | |
|---|---|
| PATRICIA BLOKER MACHNIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES DEPARTMENT ) | |
| OF INTERIOR, and SALLY M. ) | |
| JEWELL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is the Motion to Substitute Party [# 6]. Plaintiff brought this action against Defendants pursuant to the Federal Tort Claims Act ("FTCA") asserting a claim for negligence arising out of the alleged failure of the United States Department of the Interior and the National Park Service employees to maintain a safe walkway at Newfound Gap, North Carolina. The United States moves to substitute the United States for the Defendants. The Court **RECOMMENDS** that the District Court **GRANTS** the motion [# 6].

**I.      Background**

Plaintiff is a resident of Florida. (Pl.'s Am. Compl. p. 2, ECF No. 4.)   On December 21, 2014, Plaintiff was walking on a concrete walkway at Newfound

Gap in North Carolina when she fell. (Id.) Plaintiff suffered a mild traumatic brain injury and a torn meniscus of her left knee during as a result of the fall. (Id.) Plaintiff's torn meniscus requires surgery. (Id.)

Plaintiff contends that she fell as the result of the negligence of employees of the National Park Service and the Department of Interior. (Id.) Specifically, Plaintiff alleges that Defendants failed to maintain a safe designated walkway and should have either maintained the concrete walkway in a safe condition or placed a barricade or cone designating that the area was not safe. (Id.)

Subsequently, Plaintiff brought this action pursuant to the FTCA against the Department of the Interior and Sally Jewell. The Government moves to substitute the United States for the Defendants in this action. The District Court referred the motion to this Court. Accordingly, the Motion to Substitute is properly before this Court for resolution.

**II.    Analysis**

When a plaintiff brings an action against federal employees, the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly referred to as the Westfall Act, empowers the Attorney General of the United States to certify that a defendant employee was acting within the scope of his or her employment at the time of the incident giving rise to the claim, and the district

court shall deem the action as one against the United States, rather than the individual federal employee. 28 U.S.C. § 2679(d)(1); see also Martinez v. Lamagno, 515 U.S. 417, 419-20, 115 S. Ct. 2227, 2229 (1995). The United States Attorneys are authorized to issue these certifications on behalf of the Attorney General. Martinez v. DEA, 111 F.3d 1148, 1152 (4th Cir. 1997). Upon certification by the Attorney General or a United States Attorney, the United States is substituted as the party defendant and the individual employees are dismissed from the action. 28 U.S.C. § 2679(d)(1); Lamagno, 515 U.S. at 420, 115 S. Ct. at 2229. Once the United States is substituted as the proper party, the case is then governed by the Federal Torts Claims Act ("FTCA"). 28 U.S.C. § 2679(b)(1); Lamagno, 515 U.S. at 420, 115 S. Ct. at 2229.

Unless challenged by a plaintiff, the Attorney General's certification is conclusive evidence that the alleged tort occurred within the scope of a defendant's employment. Martinez, 11 F.3d at 1153. Where a plaintiff challenges the certification, the certification constitutes prima facie evidence, and the burden shifts "to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment." Id.; see also Ross v. Bryan, 309 F.3d 830, 833 (4th Cir. 2002); Borneman v. U.S., 213 F.3d 819, 827 (4th Cir. 2000). To satisfy this burden, a plaintiff must come

forward with either "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision. . . ." Martinez, 111 F.3d at 1155; Borneman, 213 F.3d at 827. Mere conclusory allegations and speculation will not satisfy a plaintiff's burden. Martinez, 111 F.3d at 1155. If the plaintiff fails to come forward with any evidence, the certification is conclusive. Id.

Where a plaintiff comes forward with sufficient evidence to satisfy his or her burden of proof, the burden shifts back to the Government, and the United States may come forward with evidence supporting its certification. Borneman, 213 F.3d at 827; Martinez, 111 F.3d at 1155. As the United States Court of Appeals for the Fourth Circuit explained in Martinez,

> At this point, the district court may permit (and limit) any needed discovery. Thereafter, the district must determine whether there are any genuine issues of fact material to the scope-of-employment decision, and, if so, it may conduct an evidentiary hearing to resolve these factual issues. Once any factual issues are resolved, the district court should weigh the evidence on each side to determine whether the certification should stand.

Martinez, 111 F.3d at 1155. In making the determination as to whether the federal employee was acting within the scope of his or her employment, the Court applies the law of the state where the alleged tort occurred. Ross v. Bryan, 309 F.3d 830, 834 (4th Cir. 2002); Borneman, 213 F. 3d at 827.

The alleged torts in this case occurred in North Carolina. Under North

Carolina law, a principal may be held liable for the acts of its agent when: (1) the principal expressly authorizes the act; (2) the principal subsequently ratifies the act; or (3) the agent's act is committed within the scope of his or her employment and in furtherance of the principal's business. Medlin v. Bass, 398 S.E.2d 460, 463 (N.C. 1990); Mercier v. Daniels, 533 S.E.2d 877, 880 (N.C. Ct. App. 2000). "To be within the scope of employment, an employee at the time of the incident, must be acting in furtherance of the principal's business and for the purpose of accomplishing the duties of his employment." Troxler v. Charter Mandala Ctr., Inc., 365 S.E.2d 665, 668 (N.C. Ct. App. 1988). "If the servant was engaged in performing the duties of his employment at the time he did the wrongful act which caused the injury, the employer is not absolved from liability by reason of the fact that the employee was also motivated by malice or ill will toward the person injured, or even by the fact that the employer had expressly forbidden him to commit such act." Wegner v. Delly-Land Delicatessen, Inc., 153 S.E.2d 804, 807-8 (N.C. 1967). In contrast, a principal "is not liable if the employee departed, however briefly, from his duties in order to accomplish a purpose of his own, which purpose was not incidental to the work he was employed to do." Id. at 808; Hogan v. Forsyth Country Club Co., 340 S.E.2d 116, 122 (N.C. Ct. App. 1986). The scope of employment question is a factual inquiry. Borneman, 213 F.3d at

828 (applying North Carolina law); Lee v. U.S., 171 F. Supp. 2d 566, 574-75 (M.D.N.C. 2001).

The United States Attorney for Western District of North Carolina submitted a certification pursuant to 28 U.S.C. § 2679(d), certifying that Defendant Jewell was at all times acting within the course and scope of her employment with the Department of the Interior with respect to the events alleged in the Complaint. (Certification, Jun. 8, 2016, ECF No. 7-1.) Plaintiff does not challenge this certification. Accordingly, the certification is prima facie evidence that Defendant Jewell was acting within the scope of her employment. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Substitute Party [# 6] and **SUBSTITUTE** the United States as the party defendant. The Court **RECOMMENDS** that the District Court **DISMISS** the Department of Interior and Sally M. Jewell as defendants.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Substitute Party [# 6] and **SUBSTITUTE** the United States as the party defendant. The Court **RECOMMENDS** that the District Court **DISMISS** the Department of Interior and Sally M. Jewell as defendants.

Signed: November 26, 2016

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).