# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv104

| | |
|---|---|
| PATRICIA BLOKER MACHNIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES DEPARTMENT ) | |
| OF INTERIOR, and SALLY M. ) | |
| JEWELL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is the Motion to Dismiss [# 9]. Plaintiff brought this action against Defendants pursuant to the Federal Tort Claims Act ("FTCA") asserting a claim for negligence arising out of the alleged failure of the United States Department of the Interior and the National Park Service employees to maintain a safe walkway at Newfound Gap, North Carolina. Defendants move to dismiss the Amended Complaint in its entirety. The Court **RECOMMENDS** that the District Court **DENY** the motion [# 9].

## I. Background

Plaintiff is a resident of Florida. (Pl.'s Am. Compl. p 2, ECF No. 4.) On December 21, 2014, Plaintiff was walking on a concrete walkway at Newfound

Gap in North Carolina when she fell. (Id.) Plaintiff suffered a mild traumatic brain injury and a torn meniscus of her left knee during as a result of the fall. (Id.) Plaintiff's torn meniscus requires surgery. (Id.)

Plaintiff contends that she fell as the result of the negligence of employees of the National Park Service and the Department of Interior. (Id.) Specifically, Plaintiff alleges that Defendants failed to maintain a safe designated walkway and should have either maintained the concrete walkway in a safe condition or placed a barricade or cone designating that the area was not safe. (Id.)

Subsequently, Plaintiff brought this action pursuant to the FTCA against the Department of the Interior and Sally Jewell. The Government now moves to dismiss the claims asserted in the Amended Complaint pursuant to Rule 12(b)(6). The District Court referred the motion to this Court. Accordingly, the Motion to Dismiss is properly before this Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Amended Complaint as true and construes them in the light most favorable to

Plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Amended Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III. Analysis**

Under the Federal Tort Claims Act, the United States is liable in the same manner and extent as a private individual under similar circumstances pursuant to the law where the act or omission occurred. 28 U.S.C. § 2674; 28 U.S.C. § 1346(b)(1); Anderson v. U.S., 669 F.3d 161, 164 (4th Cir. 2011). "In other words, a claimant has a FTCA cause of action against the government only if she would also have a cause of action under state law against a private person in like circumstances." Anderson, 669 F.3d at 164 (internal quotations and citation omitted). Thus, the substantive law of the state where the cause of action arises applies. Id.

Here, the acts giving rise to Plaintiff's claims occurred in North Carolina, and, thus, North Carolina substantive law applies to the claim. See 28 U.S.C. § 1346(b)(1). In order to state a claim of negligence under North Carolina law, a

plaintiff

must allege: (1) a legal duty; (2) a breach of that duty; and (3) an injury proximately caused by the breach. Petty v. Cranston Print Works Co., 90 S.E.2d 717, 721 (N.C. 1956); Cole v. Wells Fargo Bank, N.A., Civil Case No. 1:15-cv-00039-MR, 2016 WL 737943, at *6 (W.D.N.C. Feb. 23, 2016) (Reidinger, J.).

As a threshold matter, the Motion to Dismiss filed by Defendants is improper as it relies on documents and evidence outside the pleadings, including declarations. And the Court cannot rely on or consider this evidence without converting the Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. See Bosiger v. U.S. Airways, 510 F.3d 442, 450 (4th Cir. 2007). Moreover, it is clear from the face of the Amended Complaint that Plaintiff states a claim for negligence. Plaintiff alleges the employees of the Department of the Interior failed to maintain a safe designated walkway at Newfound Gap, and that the failure of the employees to do so caused Plaintiff to fall and suffer injuries. This is sufficient to state a claim of negligence under North Carolina law, and the Court will not consider the additional facts and evidence submitted by Defendants that forms the basis of their legal argument in ruling on the Motion to Dismiss.

The Court also finds that it would be improper to convert the Motion to Dismiss into a Motion for Summary Judgment at this time. At the very least, the

Court would need to provide Plaintiff an opportunity to present evidence and obtain any potential discovery to challenge the factual assertions of Defendants in the declarations submitted in support of their Rule 12 motion. The United States, however, has yet to even answer the Amended Complaint and allowing a summary judgment motion at this time would be premature, especially in light of Plaintiff's *pro se* status. The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss. Finally, to the extent that the United States moves in the alternative for summary judgment, the Court **RECOMMENDS** that the District Court **DENY without prejudice** the Rule 56 motion as premature.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the motion to Dismiss [# 9].

Signed: November 26, 2016

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).