# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16 cv 104

| | | |
|---|---|---|
| **PATRICIA BLOKER MACHNIK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Pending before the Court is Plaintiffs' Motion to Change Venue [# 29]. On April 19, 2016, Plaintiff filed her Complaint in the Western District of North Carolina. On October 23, 2017, Plaintiff filed her Motion to Change Venue. On November 6, 2017, the Government filed is Response in Opposition to Plaintiff's Motion [# 30].

The applicable law regarding Plaintiff's underlying lawsuit is the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680. Regarding appropriate venue, 28 U.S.C. § 1402(b) governs and states that claims "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Title 28 U.S.C. § 1404(a), allows district courts to transfer cases for convenience of the parties and witnesses, and in the interest of

justice, to any other jurisdiction where it might have been brought. See Van Dusen v. Barrack, 376 U.S. 612, 617 (1964). The decision to transfer under § 1404(a) "rests in the discretion of the District Judge." Akers v. Norfolk & Western Railway Co., 378 F.2d 78, 80 (4th Cir. 1967). The Fourth Circuit has, however, "recognize[d] the primary right of the plaintiff to choose his forum, a selection not easily to be overthrown." Akers, 378 F.2d at 80; see Datasouth Computer Corp. v. Three Dimensional Tech., Inc., 719 F. Supp. 446, 450–51 (W.D.N.C. 1989).

Plaintiff initially filed her Complaint in the Western District of North Carolina. In her Motion to Change Venue, Plaintiff asks that the Court transfer the case to the Middle District of Florida, where Plaintiff resides. Plaintiff states that a subsequent trip to Asheville, North Carolina, will result in a financial hardship.

On November 1, 2017, discovery concluded in this case. On December 1, 2017, dispositive motions were due. The trial is scheduled for the first session beginning on or after May 14, 2018.

**Legal Standard.** In determining a § 1404(a) motion to change venue, the Court applies a multi-factor test:

> (1) plaintiff's initial choice of the forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (4) possibility of view of premises, if view would be appropriate to the action; (5) enforceability of a judgment if one is obtained; (6) relative advantages and obstacles to a fair trial; (7) all other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interests in having localized controversies settled at

home; (10) the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflict of laws.

Datasouth Computer Corp. v. Three Dimensional Technologies, Inc., 719 F. Supp. 446, 450–51 (W.D.N.C. 1989).

**Findings.** Regarding Factor 1, Plaintiff initally chose to pursue litigation in the Western District of North Carolina. After one and a half years, and only nine days before the close of discovery, Plaintiff asked the Court to transfer venue. Plaintiff cites financial hardship as her primary reason. Plaintiff cites no reason for why this transfer request was not submitted earlier.

The Court finds that ease of access to sources of proof to be greater in North Carolina than in Florida. The Government plans to argue that N.C.G.S. § 38A-1, *et seq.*, applies in this case. The ease of obtaining proof that the state statute applies or does not apply is greater in North Carolina. Additonally, the alleged negligence occurred in North Carolina. Thus, access to the site of the negligence is easier in North Carolina.

Plaintiff has not stated if her intended witnesses, either willing or compulsory, would be impacted by the venue change. The Government has retained an expert who resides in Greensboro, North Carolina. Additionally, the Governerment plans to call several Department of Interior witnesses. Finally, the Government plans to call a witness to testify regarding North Carolina premises liabilty law. The

Government states that venue change at this point in the litigation would cause cost and delay regarding witnesses.

While not argued for by either party, view of premises in this case might be necessary in this case as Plaintiff alleges that the Government was negligent in its maintencne of a walkway. The alleged negligence orrcured in the Western District of North Carolina.

Enforceabilty of a judgment obtained and opportunity for a fair trial will carry little weight in this analysis. If Plaintiff obtained a judgment from the Western District of North Carolina or the Middle District of Florida, either judgment would be equally enforceable. Futher, the Court finds that the Parties would obtain a fair trial in either district court.

Regarding practicality, the Parties have prepared up to this point for trial in the Western District of North Carolina. The Government has already retained a local expert. And at trial, the the Government plans to argue that North Carolina state law applies. It appears that transfering the case to Florida would create a time delay and potentially complicate the case.

Administrative difficulites of court congestion will carry little weight in this analysis. Neither side has argued this point and the Court finds no reason that the Middle District of Florida of the Western District of North Carolina would not be able to handle this case due to court congestion.

The Court finds that there is local interest in North Carolina to have this matter settled in the Western District of North Carolina. The lawsuit implicates substantive state law and federal lands located in North Carolina.

While this is not a diversity jurisdiction case, the Court acknowledges that North Carolina state substantive law, incorporated by the Federal Tort Claims Act, is involved in this case. The Western District of North Carolna would be more familiar than the Middle District of Florida in applying North Carolina tort law.

The Court finds that the Western District of North Carolina and the Middle District of Florida could equally apply general conflict of law principles.

**Analysi**s. After considering the eleven factors, the Cout does not find venue change appropriate at this point in the case. While Plaintiff desires to litigate her case where she resides, this determination could and should have been made earlier in the case. The Government has already retained local witnesses. Further, the lawsuit implicates North Carolina substantive law. The Court also is concerned about undue delay and cost in transferring the case at this stage of litigation. Plaintiff's venue choice does remain a heavily weighted factor, however, it does not outweigh the remaining factors.

Therefore, the Court **DENIES** Plaintiff's Motion to Change Venue [# 29].

**FURTHER**, Plaintiff's Motion to Change Venue attempts to make a record of the proceedings that took place at the mediator in this matter. LCvR 16.3(C)(1)

provides regarding mediation: "**No Record Made.** There shall be no record made of any proceedings under these rules." Plaintiff has been made aware of this rule previously [# 28].

Rather than strike Plaintiff's motion without prejudice, the Court elects to **SEAL** Plaintiff's Motion for Change Venue [# 29] and **RESTRICT** access to the Parties.

Signed: December 7, 2017

Dennis L. Howell
United States Magistrate Judge

SEALED DOCUMENT with access to All Parties/Defendants.